The appellant, Jessie Butterworth, was an investor to the extent of $4,500 in a mortgage participation certificate issued to her by Fidelity Union Title and Mortgage Guaranty Company as representing a proportionate interest in a mortgage owned by the company in the original amount of $195,000 dated July 8th, 1929, and covering premises known as 115-117 Fairview Avenue, Jersey City, New Jersey.
In proceedings in the Court of Chancery, under the Mortgage Guaranty Corporations Act, the court in 1934 appointed trustees for the Guaranty Company, and generally took over jurisdiction of the affairs and administration of assets of the Guaranty Company. Subsequently Fidelity Union Trust Company (the respondent in this appeal), as trustee for various interests, having acquired by assignment interests in the bond and mortgage in question to the extent of $50,000, petitioned the court for withdrawal of said bond and mortgage from the hands of the trustees of the Guaranty Company under terms and conditions to be imposed by the court, and on April 21st, 1936, the said bond and mortgage (designated as No. 77890) were withdrawn by order of the court from the hands of the former trustees and delivered over to the respondent herein, who was by said order named as trustee of the bond and mortgage for the benefit of all those having an interest therein, and who thereupon assumed custody and management. Thereafter, the bond and mortgage being in default, the respondent foreclosed the mortgage and acquired title to the property. It continued to manage the property and later sought to dispose of the same by sale. After submission of several offers at various prices and terms, but which did not eventuate in fulfillment or acceptance, the respondent received and submitted to the Court of Chancery for approval an offer to purchase the property for $115,000 to be paid by cash of $30,000 and a purchase-money bond and mortgage of $85,000 for ten years with interest at four per cent. per annum and annual amortization of two per cent., the interest, amortization and taxes to be paid monthly proportionately. *Page 67 
A broker's commission of $4,250 and certain other legal and miscellaneous expenses would be involved. A contract was signed, subject to approval of the court.
Respondent gave notice to the appellant and all other interested investors that on November 24th, 1942, it would apply to the court for instructions as to whether it should sell the premises on the terms of the tentative contract. The notice contained information as to the details of the offer to purchase, cost of maintenance, amount of net return on operation and rentals, appraised value, previous efforts to accomplish a sale, conditions affecting the earning power and physical value of the premises, and generally such particulars as would be of reasonable interest to the investors who would participate in the proceeds of the sale. Such information was also set forth with considerable particularity and completeness in the petition to the court for instructions. Neither the appellant nor any other certificate holder appeared at the time noticed for the presentation of the matter to the court. There is no allegation on the part of any investor interested of failure to receive notice of the application. In the notice there was an invitation to communicate to the court or the trustee in writing any objection that anyone interested cared to make to the proposed sale. No objections were received. The hearing was duly held, and on November 24th, 1942, a decree of the Court of Chancery was entered approving the sale and directing the trustee to consummate it in accordance with the terms and conditions of the contract. This decree has been appealed to this court by the appellant, Jessie Butterworth.
A careful perusal of the record of the proceedings leading to the decree approving the sale discloses to us no cause for criticism of the decree of November 24th, 1942. On the contrary, there would seem to have been meticulous care on the part of the trustee to inform the court and all parties interested of the complete details of the offer of purchase, and of the pertinent conditions and circumstances actuating the trustee in recommending the acceptance thereof. And, certainly, there appears no evidence of abuse of discretion on the part of the court in its approval and confirmation of *Page 68 
the transaction. Nor is it perceived, indeed, that appellant has offered any real criticism of anything in the proceedings on the part of either the trustee or the court leading up to and including the decree of confirmation. Fraud or mistake is nowhere alleged. Under all these circumstances, standing alone, the appeal from the decree should be dismissed.
The appellant, however, has also appealed from a subsequent action or order of the court, to wit, the denial of an application made by her on December 22d 1942, for an order to show cause why the decree of November 24th, 1942, should not be vacated and set aside in view of a subsequent offer for the purchase of the premises, to be submitted to the court. Her petition recites her own interest as a certificate holder, alleges the filing to be on behalf of herself and any and all other certificate holders who may desire to join, annexes a consent and joinder of others whose certificates, plus the petitioner's, amount to approximately $30,600, and then goes on to state the terms and conditions of the previous offer of purchase and the confirmation by the court in the decree of November 24th, 1942; that the execution of the contract had not yet been consummated, and that the time for appeal from said decree had not yet expired; that subsequent to the date of said decree a cash offer had been made for the property in the amount of $101,000, from which there would be no deduction for commissions nor any other expenses except, "the trustees expenses for services in re: collection, distribution, c.," which petitioner calculates should not exceed $2,000, so that there would be available to certificate holders $99,000, in cash, which should net them, exclusive of any distribution the trustee may make of accumulated returns, between fifty-three per cent. and fifty-four per cent. of their investment; that petitioner is eighty years of age, and more interested in the cash distribution on her entire investment than in a small distribution in cash and an interest in a ten-year mortgage; that petitioner is of the opinion that the cash offer is for the best interest of all certificate holders from every possible angle; that a certified check in the amount of $2,000, to the order of the trustee is in possession of her solicitor as evidence of good faith and as security for consummation of the offer. *Page 69 
The Vice-Chancellor refused to issue the order to show cause. No separate, formal order was entered denying the application, but the Vice-Chancellor endorsed, in his own handwriting, and over his initials on the petition, the words, "Order to show cause denied," and filed the petition. For the purpose of appealing the Vice-Chancellor's action on this phase of the case, appellant has treated the endorsement on the petition as having the status of an order denying the application for an order to show cause. It will be noted from a letter written by the Vice-Chancellor to appellant's solicitor, under date of December 24th, 1942 (S.C., page 118) that the Vice-Chancellor "did not deny your application, but refused to issue an order to show cause on your petition and so the matter stands." Whatever may be the technical status of the matter in these respects, we shall treat the appeal as from an order denying a petition for an order to show cause.
The issuance of the order to show cause was discretionary and not reversible in the absence of an abuse of the discretion with consequent injury to the applicant. We find no such abuse of discretion in the present instance. The practical benefit generally to be derived from definite and conclusive commitments by the decrees of our courts in connection with the sale of property under the jurisdiction of such courts is such that those decrees should not be disturbed and nullified except where fraud or a mistake is shown to have existed with respect thereto, or where such damage to a party in interest is likely to accrue as will move the conscience of a court of equity to revoke its decree to avoid such damage, and particularly where other or superior intervening rights will not be disturbed by the vacation of the decree. This rule has been adhered to by our courts. It is particularly applicable to the cases of sales of property under court mandate, for the reason that unless this were so the market for properties under judicial sale would be injuriously affected by reason of uncertainty and inconclusiveness of transactions entered into by possible purchasers. In the present instance the cash price offer of the undisclosed party is $101,000, as against the part cash of $30,000 and purchase-money mortgage of $85,000 in the previously accepted offer, though there *Page 70 
are some incidents of expense and return mentioned by the appellant in her brief that might possibly bring the net price received in either case not too far from the other. It is a fair assumption, however, that the strongest motive of the appellant in seeking the acceptance of the later offer is the fact that she is a person in the later years of life and might conceivably desire for herself the present cash asset she would derive from the all-cash transaction rather than the lesser amount of cash she would receive in the other case coupled with a continuing mortgage participation investment. This is, however, at least as to age, a consideration moving, so far as the record discloses, only one investor out of all those having an interest in the property. It is not an abuse of discretion to refuse to open the decree so as to provide for the individual benefit of the appellant in the respect mentioned. The transaction confirmed by the decree of November 24th, 1942, is a sale certain, on terms presumably satisfactory, at the time the offer was made and while it was before the court, to all interested parties, for no objection was made thereto. The new proposal might not have eventuated in a consummated sale, but by its interposition cause extinction of the one already consummated. Taking everything into consideration, we find nothing in the action of the court in refusing to issue the order to show cause that would spell out an abuse of discretion under the circumstances.
The appeal from the decree of November 24th, 1942, approving the sale will be dismissed.
The action or order of the court in refusing to issue the order to show cause sought by the appellant will be affirmed.
For dismissal — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13. *Page 71